CITY OF COLUMBUS, APPELLANT, *v.*
REID, APPELLEE.

(No. 86AP-530 — Decided
December 23, 1986.)

*Ronald J. O'Brien,* city attorney,
*James J. Fais,* city prosecutor, and
*David E. Tingley,* for appellant.

*Scott W. Schiff* and *Marc Fagin,*
for appellee.

TYACK, J. On October 24, 1985 at
about 1:00 a.m., Abigail Reid was stop-
ped for going the wrong way on a one-
way street in Columbus, Ohio. The of-
ficer who stopped her, Officer Harold
Hansen of the Columbus Police De-
partment, upon noticing an odor of an
alcoholic beverage about her person,
conducted field sobriety tests and then
placed her under arrest upon a charge
of operating a motor vehicle while
under the influence of alcohol in viola-
tion of Columbus City Code 2133.01.
She was conveyed to the Franklin
County Jail where she was requested
to submit to breath testing for blood al-
cohol content. Apparently on the way
to the jail and at various times at the
jail she requested to contact an at-
torney. No attorney was contacted
before she ultimately submitted to the
breath testing, which tested .129
grams of alcohol per two hundred ten
liters of breath. A "per se" violation of
operating a motor vehicle while under
the influence was added. Counsel en-
tered a not guilty plea on her behalf
and followed this with a "Motion to
Suppress and to Dismiss Charges."
The thrust of the motion was that Reid
had been denied her right to counsel
under R.C. 2935.20 and under the
Sixth Amendment to the United States
Constitution.

A hearing was conducted on the
motion at which time the defendant
and the arresting officer both testified
as to the various facts and cir-
cumstances preceding Reid's submis-
sion to the breath test. The trial court
expressly found that Reid requested
counsel before arriving at the jail. The
trial court also found that the police of-
ficer unnecessarily restricted or denied
access to counsel in contravention of
R.C. 2935.20 which reads:

"After the arrest, detention, or
any other taking into custody of a per-
son, with or without a warrant, such
person shall be permitted forthwith
facilities to communicate with an at-
torney at law of his choice who is en-
titled to practice in the courts of this
state, or to communicate with any
other person of his choice for the pur-
pose of obtaining counsel. Such com-
munication may be made by a reason-
able number of telephone calls or in
any other reasonable manner. Such
person shall have a right to be visited
immediately by any attorney at law so
obtained who is entitled to practice in
the courts of this state, and to consult
with him privately. No officer or any
other agent of this state shall prevent,
attempt to prevent, or advise such a
person against the communication,
visit, or consultation provided for by
this section. * * *"

As a result of the violation of the statute, the trial court ordered suppression of the breath test. The city of Columbus then filed an appeal pursuant to Crim. R. 12(J) certifying that the appeal was not being taken for the purpose of delay and that the ruling on the motion had rendered the proof, with respect to the pending charges, so weak that any reasonable possibility of effective prosecution had been destroyed.

Appellant assigns one error as set forth below:

"The trial court erred in ordering a suppression of the breath test herein."

Appellant argues first that R.C. 2935.20 was not in fact violated. However, the testimony below fully supported the trial court's ruling. Reid testified that she repeatedly requested access to a telephone to contact a person to contact an attorney, but was repeatedly put off, denied access to the telephone, or had limitations placed on whom she could call.

The greater problem presented for consideration is the choice of sanction for violation of R.C. 2935.20. The city of Columbus submits that the remedy should be only criminal prosecution. This however seems an unlikely and unworkable remedy to the malady. The city prosecutor is not really going to appoint special counsel to prosecute every situation where an arrestee in the Franklin County correctional system is denied expeditious access to counsel. In fact, this court is aware of no criminal prosecution for violation of the statute in the last ten years at least, although the slating procedure of various Franklin County Sheriffs during that time has always called for telephones to be made accessible only after the full slating process has been accomplished.

Given the problems with criminal prosecution as a sanction, appellee Reid suggests suppression of the breath test. This approach has a certain appeal, for it places arrestees who cooperate and take the test in the same position as arrestees who refuse. Our earlier cases established that an OMVI arrestee who is deemed by a police officer as refusing to take a breath test because he or she requests a reasonable delay to consult with counsel will not be found to have actually refused to take the test for purposes of R.C. 4511.191 (implied consent) and 4511.19 (OMVI). See *Siegwald* v. *Curry* (1974), 40 Ohio App. 2d 313, 69 O.O. 2d 293, 319 N.E. 2d 381. Thus, had Reid refused the test under these circumstances, neither her refusal nor a test would be admissible against her at trial.

Unfortunately, however, this court can find no authority for suppressing the test for violation of a state statutory right to counsel. The Supreme Court of Ohio has not, to this date, imposed an exclusionary rule for violations of provisions of the Ohio Constitution, let alone violations of state statutes. Until the Supreme Court of Ohio sanctions such a step, this appellate court is unwilling to impose a sanction of suppression, no matter how advisable the step might seem.

To avoid the dearth of authority for an Ohio exclusionary rule, appellee suggests that a violation of the Sixth Amendment right to counsel be found. Appellee suggest that as to "per se" OMVI charges, the taking of a breath test is *a* or *the* critical stage of the proceedings. Since little or no impeaching testimony is allowed to oppose the test results, the decision to take or not to take the test is perhaps the *most* critical part of the case. However, considering the breath or urine test as a critical stage of the proceedings would require that counsel be provided at all such tests, in essence requiring a staff defense counsel at the jail to advise all OMVI arrestees of whether or not a

test is in their best interests. Such an expansion of the current law as to when the Sixth Amendment right to counsel attaches is unwise and basically without precedent.

The unfortunate corollary to our analysis is that no practical sanction attends police violation of the Ohio statutory right to counsel under R.C. 2935.20, until such time, if ever, as the Supreme Court of Ohio sanctions an exclusionary rule, possibly tailored to cases such as here presented.

The assignment of error is sustained. The judgment of the trial court suppressing the breath test herein is vacated and this cause is remanded for further appropriate proceedings.

*Judgment reversed and cause remanded.*

WHITESIDE and REILLY, JJ., concur.

WHITESIDE, J., concurring. The basic issue before us is whether an exclusionary rule should be imposed with respect to evidence obtained as a result of a violation of R.C. 2935.20 by a police officer. This court has previously addressed the basic issue stating in *State* v. *Royster* (Aug. 26, 1975), No. 75AP-195, unreported, at 8-9:

"* * * The exclusionary rule as to statements made by a person arrested is predicated upon constitutional principles; namely, the constitutional principles of right to counsel and against self-incrimination. There is no corresponding exclusionary rule with regard to statutory violations. Neither R.C. 2935.14 nor 2935.20 excludes evidence by way of statement of the person arrested or otherwise, even if the statutes were violated. * * *"

As indicated in the majority opinion, the exclusionary rule was fashioned by the United States Supreme Court as a means of enforcing certain constitutional rights afforded by the United States Constitution. No reason has been demonstrated for extension of an exclusionary rule to statutory violations. There is no reason or authority for imposition of an exclusionary rule to violations of R.C. 2935.20.

For the foregoing reasons, I concur in the judgment.