The STATE of Ohio, Appellee,

v.

MASON, Appellant. <span></span>

[Cite as *State v. Mason* (1994), 99 Ohio App.3d 165.]

Court of Appeals of Ohio,
Hamilton County.

No. C–940197.

Decided Dec. 7, 1994.

*Fay D. DuPuis*, City Solicitor, *Terrence R. Cosgrove*, City Prosecutor, and *Chad C. Warwick*, for appellee.

*James M. Looker*, for appellant.

DOAN, Judge.

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court, the transcript of the proceedings, the briefs and the arguments of counsel. We have *sua sponte* removed this cause from this court's accelerated calendar.

Defendant-appellant James C. Mason was charged with driving with a prohibited breath-alcohol content in violation of R.C. 4511.19(A)(3). The trial court denied his motion to suppress the results of his breath test, and Mason entered a plea of no contest. The trial court then convicted Mason as charged.

On appeal to this court, Mason alleges, in a single assignment of error, that the trial court erred in failing to grant his motion to suppress the results of his breath test. We agree and we, therefore, reverse the judgment of the trial court.

Mason was arrested for driving under the influence of alcohol and transported to a police station. After being asked to submit to a test of his breath, Mason telephoned his father, an attorney in Ashland, Ohio. After talking to his son, Mason's father talked to a police officer and indicated that he wished to consult with an attorney in Cincinnati. The police officer stated to Mason's father that he had twenty minutes to contact local counsel and to call back to the police station. He called back within twenty minutes and was informed that his son had submitted to the breath test. After initially talking to Mason's father on the telephone, the police officer who administered the breath test stated to Mason that he was not going to wait for a return call and that if Mason did not take the test immediately, it would be deemed a refusal. Mason then consented to the test of his breath.

Mason had no Sixth Amendment constitutional right to counsel prior to taking the breathalyzer test. See *McNulty v. Curry* (1975), 42 Ohio St.2d 341, 71 O.O.2d 317, 328 N.E.2d 798; *Lakewood v. Waselenchuk* (1994), 94 Ohio App.3d 684, 641 N.E.2d 767. However, he did have a statutory right to counsel upon arrest, detention or being taken into custody under R.C. 2935.20, which goes beyond the right to counsel guaranteed by the state and federal Constitutions. See *McNulty v. Curry; State v. Fullan* (Apr. 5, 1991), Portage App. No. 90–P–2192, unreported, 1991 WL 54152. Moreover, R.C. 2935.20 requires that a suspect be given effective communication with an attorney. *Whitehall v. Fraker* (Apr. 26, 1994), Franklin App. Nos. 93APC09–1276, 93APC09–1277 and 93APC09–1278, unreported, 1994 WL 158897.

However, the statutory right to consult with an attorney "must be made in good faith and must not create an unreasonable delay in administering the chemical test." *Fairborn v. Mattachione* (Jan. 26, 1994), Greene App. No. 93–

CA–0027, unreported, 1994 WL 21877. In no event can the right to communicate with counsel be permitted to delay the test for an unreasonable time since that would impair the accuracy of the test. *Id.* Therefore, police must afford a suspect a reasonable opportunity to speak to counsel and wait a reasonable amount of time for the suspect to attempt to contact counsel where the delay occasioned by the exercise of the right to speak to an attorney will not unduly or unreasonably delay the administering of the chemical test. *State v. Nagel* (Jan. 30, 1991), Hamilton App. No. C–900086, unreported, 1991 WL 8442.

■ Whether a suspect has been provided the opportunity for effective communication with his attorney must be determined on a case-by-case basis. *Whitehall v. Fraker, supra.* Similarly, whether the police have waited a reasonable amount of time before requiring a suspect who has invoked the right to counsel under R.C. 2935.20 to make a decision on whether to take a chemical test is a matter to be determined on a case-by-case basis. *Fairborn v. Mattachione, supra.*

■ Under R.C. 2935.20, Mason had the right to contact his father for the purpose of obtaining counsel. Mason's father was informed by the police that he had twenty minutes in which to contact an attorney and to advise his son. The record indicates that Mason's father called the police station within the allotted twenty minutes. After informing Mason's father that he had twenty minutes to call back, the police decided not to wait, but instead to demand that Mason decide "by the count of ten" whether he would submit to the test.

We note that had the police waited the twenty minutes and then administered the chemical test, the test would still have been given within the two-hour limit provided for in R.C. 4511.19(D). We further note that the police specifically provided Mason's father with twenty minutes in which to contact an attorney and to call the police back.

Because the police indicated that Mason's father had twenty minutes to contact counsel and because the twenty minutes provided to Mason's father would not have impeded the ability to administer the breath test within two hours of the violation, we hold that Mason was denied the right to be given a reasonable opportunity to speak to counsel and the right to effectively communicate with his counsel.

■ Under certain circumstances, a violation of R.C. 2935.20 can deny a suspect his constitutional guarantee to due process of law under the Fourteenth Amendment. See *State v. Larson* (Dec. 8, 1988), Fairfield App. No. 16–CA–88, unreported, 1988 WL 138429; *State v. Scarlett* (Sept. 3, 1987), Montgomery App. No. 10378, unreported, 1987 WL 16568. But, see, *Mason v. Albertson* (May 4, 1992), Warren App. No. CA91–07–059, unreported, 1992 WL 93075; *State v.*

*Fullan, supra; Columbus v. Reid* (1986), 32 Ohio App.3d 7, 513 N.E.2d 351. In this case, where a definite period of time was provided by the police to Mason's father for response, and where there would have been time to proceed with the test after waiting the allotted time, the failure by the police to abide by the time allotted by them to Mason's father is deemed by us to be police interference with Mason's ability to speak with an attorney and, therefore, denied Mason due process of law. See *Fairborn v. Mattachione, supra; State v. Scarlett, supra.* Therefore, the results of Mason's breath test should have been excluded.

Additionally, we note that the exclusionary rule appears to be some part of Ohio law in regard to cases presented under R.C. 4511.19(A)(3) in challenging admissibility of breathalyzer test results not conforming to the statutory mandate of substantial compliance with Ohio Department of Health regulations. See *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32. It thus seems that the Ohio Supreme Court has diminished, if not eliminated, the constitutional standard regarding suppression of evidence in R.C. 4511.19(B)(3) cases as the only vehicle to test admissibility of evidence, and has elevated the statutory-right standard.

Mason's motion to suppress the results of his breath test should have been granted. Because the trial court erred in denying Mason's motion to suppress, the assignment of error is sustained.

Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with this opinion and the law.

*Judgment reversed*
*and cause remanded.*

GORMAN, J., concurs.

HILDEBRANDT, P.J., dissents.

HILDEBRANDT, Presiding Judge, dissenting.

I respectfully dissent from the majority's decision to reverse appellant's conviction. I agree with the majority that the conduct of the police in this particular case violated the statutory right to counsel provided for in R.C. 2935.20. However, I do not believe that a violation of a statutorily created right to counsel amounts to a constitutional due process violation which would require suppression of the breathalyzer test results. There is no Sixth Amendment constitutional right to counsel prior to taking a breathalyzer test. *McNulty v. Curry* (1975), 42 Ohio St.2d 341, 71 O.O.2d 317, 328 N.E.2d 798. The Ohio Supreme Court in *McNulty* held that the stage of an investigation where a defendant is requested to undergo a breathalyzer test is not a "critical stage" and, therefore, there is no constitutional right to counsel. Where there is no constitutional violation, the exclusionary rule is not applicable. *Kettering v.*

*Hollen* (1980), 64 Ohio St.2d 232, 18 O.O.3d 435, 416 N.E.2d 598. Moreover, it is generally well accepted that Ohio does not recognize the application of the exclusionary rule to violations of R.C. 2935.20 in prosecutions for driving under the influence. See *Mason v. Albertson* (May 4, 1992), Warren App. No. CA91–07–059, unreported, 1992 WL 93075; *State v. Colvin* (Apr. 10, 1991), Fairfield App. No. 26–CA–90, unreported, 1991 WL 59843; *State v. Myers* (1990), 66 Ohio App.3d 717, 586 N.E.2d 155; *Columbus v. Reid* (1986), 32 Ohio App.3d 7, 513 N.E.2d 351. For these reasons, I would conclude that the exclusionary rule does not apply to violations of the statutorily created right to counsel prior to taking a breathalyzer test. I, therefore, would hold that the trial court properly denied appellant's motion to suppress the results of his breathalyzer test, and would affirm the judgment of the trial court.