[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 345.]

CITY OF FAIRBORN, APPELLANT, *v.* MATTACHIONE, APPELLEE.

[Cite as *Fairborn v. Mattachione*, 1995-Ohio-207.]

*Criminal law—Exclusionary rule not applicable as a sanction for violating R.C. 2935.20, the right of arrestee to communicate with an attorney.*

(No. 94-662—Submitted May 10, 1995—Decided June 28, 1995.)

CERTIFIED by the Court of Appeals for Greene County, No. 93-CA-27.

————————————

*Gerald E. Schlafman*, City Solicitor, and *Joseph W. Stadnicar*, Assistant Prosecuting Attorney, for appellant.

*Dan D. Weiner*, for appellee.

*Betty D. Montgomery*, Attorney General, *Richard A. Cordray*, State Solicitor, and *Simon B. Karas*, Deputy Chief Counsel, urging reversal for *amicus curiae*, Attorney General.

————————————

{¶ 1} The cause is before this court upon the certification of the court of appeals that its judgment conflicted with the judgment of the Court of Appeals for Franklin County in *Columbus v. Reid* (1986), 32 Ohio App.3d 7, 513 N.E.2d 351, upon the following question:

"[W]hether or not the exclusionary rule is applicable as a sanction for violation of R.C. 2935.20."

{¶ 2} This court answers the certified question in the negative. The judgment of the court of appeals is reversed, and the cause is remanded to it for further proceedings.

DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

MOYER, C.J., WRIGHT and PFEIFER, JJ., dissent.

————————————

**WRIGHT, J., dissenting.**

**{¶ 3}** The issue certified to this court is "whether or not the exclusionary rule is applicable as a sanction for violation of R.C. Section 2935.20." Although I do not agree that every violation of R.C. 2935.20 requires suppression of evidence obtained as a result of the violation, I agree with both lower courts that the breathalyzer test results should be excluded in this case. Therefore, I respectfully dissent.

**{¶ 4}** It is well settled in Ohio that courts ordinarily will not apply the exclusionary rule to evidence that is the product of a statutory violation falling short of a constitutional violation, unless the legislature specifically mandates such exclusion.[1] See *Kettering v. Hollen* (1980), 64 Ohio St.2d 232, 235, 18 O.O.3d 435, 437, 416 N.E.2d 598, 600; *State v. Unger* (1981), 67 Ohio St.2d 65, 69-70, 21 O.O.3d 41, 44-45, 423 N.E.2d 1078, 1081. However, in this case, the breathalyzer test results should be excluded because they were the product of police misconduct which not only denied Mattachione her rights under R.C. 2935.20, but also denied her due process of law in violation of the Fourteenth Amendment to the United States Constitution.

**{¶ 5}** The federal Due Process Clause prohibits states from depriving "any person of life, liberty, or property, without due process of law." In the case before us, there is no doubt that Mattachione's liberty interests were at stake. If she submitted to the test and her breath contained an impermissible concentration of alcohol, her license would be revoked and she would likely face imprisonment and fines. See R.C. 4511.191(D)(1)(a); R.C. 4511.99.

**{¶ 6}** When the police asked Mattachione whether she would submit to a breathalyzer test, she responded on three separate occasions that she did not want

---

1. R.C. 2935.20 does not provide for the application of the exclusionary rule for the violation of its provisions. Those who violate that section are subject to a maximum fine of $100 and/or imprisonment of not more than thirty days.

to take the test until her attorney was present. As soon as her husband arrived at the police station, he told the police dispatcher, "My wife is not to take any test. I've got an attorney coming." Instead of conveying that message to his wife, an officer told Mattachione, "there's no attorney coming." There is no evidence that Mattachione's husband or anyone else told any officer or dispatcher that an attorney would not be coming to the police station. Believing the officer's false assertion that no attorney was coming, Mattachione finally agreed to take the breathalyzer test.

{¶ 7} From these facts, it is clear that Mattachione agreed to take the breathalyzer test before she was required by law to do so only because the police misled her. As such, the police not only disregarded appellee's statutory right to confer with counsel, but also intentionally deceived her into prematurely abandoning that right. Such police misconduct denies the appellee her due process rights because it offends a sense of justice and reflects poorly upon the fundamental fairness of the police procedures.

{¶ 8} I agree with the general proposition that whether a driver who seeks to communicate with an attorney has been deprived of her due process rights depends upon the facts of each case. One must consider the totality of the circumstances. If police violate an individual's constitutional rights and the individual submits to a chemical test through police duplicity, the only effective sanction is to exclude the test results that are adverse to the defendant.

{¶ 9} Accordingly, I would affirm the judgment of the court of appeals.

MOYER, C.J., and PFEIFER, J., concur in the foregoing dissenting opinion.

———————————