[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 554.]

THE STATE OF OHIO, APPELLANT, *v*. GRIFFITH, APPELLEE.

[Cite as *State v. Griffith*, 1996-Ohio-256.]

*Criminal law—Exclusionary rule not applicable as a sanction for violating R.C. 2935.20, the right to communicate with an attorney.*

(Nos. 95-209 and 95-398—Submitted January 10, 1996—Decided February 21, 1996.)

APPEAL from and CERTIFIED by the Court of Appeals for Delaware County, No. 94CAC02003.

_____

*Peter B. Ruffing,* Chief City Prosecutor, and *Richard M. Garner,* Assistant City Prosecutor, for appellant.

*Stuart A. Benis,* for appellee.

_____

{¶ 1} This cause is before this court upon the certification of the court of appeals that its judgment conflicted with the judgment of the Court of Appeals for Franklin County in *Columbus v. Reid* (1986), 32 Ohio App.3d 7, 513 N.E.2d 351, and the judgment of the Court of Appeals for Cuyahoga County in *Lakewood v. Waselenchuk* (1994), 94 Ohio App.3d 684, 641 N.E.2d 767, upon the following question:

"Does imposition of the exclusionary rule lie as a remedy for police violation of the accused's statutory right to counsel under Section 2935.20 of the Revised Code in a prosecution arising under Section 4511.19(A)(3) of the Revised Code such that the prosecution should be precluded from presenting evidence of the results of an otherwise admissible breath alcohol content analysis of the accused solely because of police failure to comply with Section 2935.20 of the Revised Code?"

**{¶ 2}** This court answers the certified question in the negative. The judgment of the court of appeals is reversed and the trial court's judgment is reinstated on the authority of *Fairborn v. Mattachione* (1995), 72 Ohio St.3d 345, 650 N.E.2d 426.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

WRIGHT and PFEIFER, JJ., dissent.

_____

**WRIGHT, J., dissenting.**

**{¶ 3}** I dissent for generally the same reasons I dissented in *Fairborn v. Mattachione* (1995), 72 Ohio St.3d 345, 650 N.E.2d 426, a dissent that was joined by Chief Justice Moyer and Justice Pfeifer. I continue to believe that this issue is factually specific and should be determined case by case.

PFEIFER, J., concurs in the foregoing dissenting opinion.

_____