The STATE of Ohio, Appellee,

v.

LAYTON, Appellant.

[Cite as *State v. Layton* (1996), 111 Ohio App.3d 76.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APC09–1186.

Decided May 14, 1996.

*Ronald J. O'Brien,* City Attorney, *David M. Buchman,* City Prosecutor, and *Brenda J. Keltner,* Assistant City Prosecutor, for appellee.

*Timothy N. Harilstad* and *Dennis W. McNamara,* for appellant.

STRAUSBAUGH, Judge.

Defendant-appellant, Lynne Layton, appeals from a judgment of the Franklin County Municipal Court finding her guilty of OMVI *per se* in violation of R.C.

4511.19(A)(3). Appellant had filed pretrial motions to suppress and to dismiss. A hearing was held on appellant's motion to suppress, which alleged that the BAC test results pertaining to her were obtained in violation of her rights under the Fifth and Fourteenth Amendments, United States Constitution; Sections 10 and 16, Article I, Ohio Constitution; and R.C. 2935.20. At the close of the hearing, the trial court found a violation of R.C. 2935.20, but, citing *Fairborn v. Mattachione* (1995), 72 Ohio St.3d 345, 650 N.E.2d 426, the court did not grant appellant's motion to suppress her BAC test results. Appellant subsequently pled no contest to OMVI *per se* and was sentenced. Appellant appeals her conviction and asserts the following assignment of error:

"The trial court erred when it failed to order suppression of the results of defendant's breath test due to denial of defendant's right to due process of law under Amendment XIV to the United States Constitution when the court found that the police officer unreasonably interfered with defendant's vested right to counsel under Ohio Revised Code § 2935.20."

Appellant was arrested for operating a motor vehicle while under the influence of alcohol or drugs. At the police station, appellant asked to speak to an attorney before deciding whether to take the BAC test. Because the arresting officer, David Pickney, was talking to appellant while her attorney, Dennis McNamara, attempted to speak to her over the phone, McNamara had appellant put Pickney on the line. Following a brief heated debate between the two on the question of appellant's entitlement to speak with an attorney before deciding to take the BAC test, Pickney hung up the phone before McNamara had an opportunity to advise appellant. Based on this scenario, the trial court determined that R.C. 2935.20 had been violated but refused to grant appellant's motion to suppress the BAC test results.

Appellant asserts that the police officer's conduct of unreasonably interfering with appellant's communication with her attorney, which resulted in a violation of R.C. 2935.20, also amounted to an arbitrary denial of her due process right to counsel in violation of the Fourteenth Amendment, United States Constitution. Appellant cites *Bichsel v. Alexander* (Aug. 1, 1989), N.D.Ohio No. C88–1597A, unreported; *State v. Mason* (1994), 99 Ohio App.3d 165, 650 N.E.2d 144; *State v. Larson* (Dec. 8, 1988), Fairfield App. No. 16–CA–88, unreported, 1988 WL 138429; and *State v. Scarlett* (Sept. 3, 1987), Montgomery App. No. CA 10378, unreported, 1987 WL 16568, as support for her position. While not cited by appellant, *Lakewood v. Waselenchuk* (1994), 94 Ohio App.3d 684, 641 N.E.2d 767, also supports her position.

While the above cases support appellant's assertion that violations of R.C. 2935.20 may also result in a Fourteenth Amendment due process violation, they do not necessarily dictate that appellant's assignment of error be sustained. The

trial court based its decision upon *Mattachione, supra,* a case decided after the cases upon which appellant relies. Appellee asserts that despite the brevity of *Mattachione,* it may be discerned that the majority considered and rejected the application of the Due Process Clause to a violation of R.C. 2935.20.

*Mattachione* was certified to the Supreme Court as being in conflict with a decision from this court, *Columbus v. Reid* (1986), 32 Ohio App.3d 7, 513 N.E.2d 351.

The court in *Fairborn v. Mattachione* (Jan. 26, 1994), Greene App. No. 93–CA–0027, unreported, 1994 WL 21877, relied on its earlier decision in *Scarlett* and found that the acts in the case before it which violated R.C. 2935.20 also violated the defendant's due process rights, and that excluding the defendant's test results was the only effective sanction.

In *Reid,* this court had ruled that the exclusionary rule was not an available sanction for a violation of the state statutory right to counsel as set forth in R.C. 2935.20. Noting that administration of a breath test is not a critical stage of a criminal proceeding, the court in *Reid* also rejected defendant's argument that a violation of her Sixth Amendment right to counsel was present. *Reid* did not address the possible application of the due process guarantee of the Fourteenth Amendment to a violation of R.C. 2935.20.

Thus, under similar facts, the Second District Court of Appeals found a state statutory violation and a constitutional due process violation and upheld the suppression of the defendant's test results, while the Tenth District Court of Appeals found a state statutory violation only and denied suppression of the defendant's test results.

*Mattachione* was certified to the Supreme Court on the following question: "[W]hether or not the exclusionary rule is applicable as a sanction for violation of R.C. 2935.20." In a four-three *per curiam* decision, the Supreme Court ruled on the certified question in two sentences: "This court answers the certified question in the negative. The judgment of the court of appeals is reversed, and the cause is remanded to it for further proceedings." In a dissent, joined by Chief Justice Moyer and Justice Pfeifer, Justice Wright stated that while he did not agree that every violation of R.C. 2935.20 necessitated suppression of the evidence obtained, he found that the facts of *Mattachione* not only violated the defendant's statutory right to confer with counsel but also denied defendant her due process rights and that the test results should have been excluded in this instance.

The narrowness of the certified question in *Mattachione* has given this court some cause to question whether the Supreme Court addressed the issue of whether a violation of R.C. 2935.20 could also violate the Fourteenth Amendment

guarantee of due process. However, after considering the question, this court concludes that in *Mattachione,* the Supreme Court considered and rejected this point of law.

S.Ct.R.Rep.Op. 2(E)(4) provides that in a *per curiam* opinion of the Supreme Court, the points of law decided in the case are contained within the text of the opinion and are those necessarily arising from the facts of the specific case before the court for adjudication. Also, at the time the question in *Mattachione* was certified, certification brought the entire case before the court for review. *State v. Footlick* (1965), 2 Ohio St.2d 206, 31 O.O.2d 411, 207 N.E.2d 759. Since the second district's decision in *Mattachione* was based on a due process analysis, the *per curiam* reversal must have necessarily rejected the due process argument. Justice Wright's dissent lends further support to this conclusion.

Thus, while the United States District Court of the Northern District of Ohio and the First, Second, Fifth, and Eighth District Courts of Appeals of Ohio have found that acts violating R.C. 2935.20 may also violate the Fourteenth Amendment due process guarantee, in a summary decision, the Ohio Supreme Court has rejected this position.

Ten years later, the problem which concerned this court in *Reid* continues: "[N]o practical sanction attends police violation of the right to counsel under R.C. 2935.20." *Reid,* 32 Ohio App.3d at 9, 513 N.E.2d at 353.

On the authority of the Ohio Supreme Court's decision in *Mattachione,* appellant's assignment of error is overruled and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

TYACK and CLOSE, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.