OPINION
Defendant-appellant, James Sebastian, appeals his conviction for driving under the influence of alcohol ("DUI"). Sebastian complains under a single assignment of error that the trial court should have suppressed evidence that he refused to take a blood alcohol test.
On February 8, 1996, Ohio State Highway Patrol Sergeant Robert Potter stopped and arrested Sebastian for DUI. Sergeant Potter subsequently recorded that Sebastian refused to take a blood alcohol test. Sebastian never contested the stop or his arrest, but he did file a motion to suppress any reference at trial to his alleged refusal to submit to a blood alcohol test.
The trial court held a suppression hearing on March 27, 1996. Sergeant Potter testified that he arrested Sebastian at 2:34 a.m. When they arrived at the highway patrol post, Sergeant Potter read Sebastian an Ohio Bureau of Motor Vehicles form indicating the consequences of refusing to submit to a blood alcohol test. Sebastian asked to speak to an attorney and made two phone calls. The first phone call lasted about twenty minutes. The second phone call lasted about fifteen minutes.
During the second phone call, Sergeant Potter overheard Sebastian say "you want me to wait until five o'clock." The sergeant then informed Sebastian that 5:00 a.m. was outside the two hour limit for administration of a blood alcohol test. Sebastian then said something to the effect that the trooper was not giving him any breaks and that "now I know why troopers get shot." At that point Sergeant Potter told Sebastian that he was going to end the phone call. Sebastian relayed that message to the party on the other end of the line, and Sergeant Potter terminated the call at about 3:41 a.m.
Sergeant Potter waited about ten minutes after terminating Sebastian's second phone call before asking him again if he would take a blood alcohol test. Sebastian responded that he would not take the test before 5:00 a.m. The officer then marked Sebastian as refusing to take a blood alcohol test and cited him for DUI.
After hearing the evidence, the trial court denied Sebastian's motion to suppress. The state introduced evidence of Sebastian's refusal at his jury trial on August 23, 1996. The jury subsequently found Sebastian guilty of DUI.
On appeal, Sebastian complains that the trial court erred in not suppressing evidence that he refused to take a blood alcohol test. Sebastian contends that he did not refuse to take the blood alcohol test, but instead argues that Sergeant Potter prematurely ended his constitutional and statutory right to consult with an attorney.
The Ohio Supreme Court has held that the right to counsel associated with the protection against self-incrimination contained in the Fifth Amendment to the United States Constitution, or as guaranteed by the Sixth Amendment, does not apply to the stage in a DUI arrest when an officer requests a chemical test for alcohol content. Dobbins v. Ohio Bur. of Motor Vehicles (1996), 75 Ohio St.3d 533, 537 (refusal to submit to test contingent on receiving the advice of counsel is a "refusal" for purposes of the implied consent statute). In Ohio, R.C.2935.20 provides in part that no officer shall prevent, attempt to prevent, or advise an arrestee against communicating with his attorney. The supreme court has held, however, that the exclusionary rule is not a permissible sanction for any violation of that statute. State v. Griffith (1996), 74 Ohio St.3d 554,555; Fairborn v. Mattachione (1995), 72 Ohio St.3d 345, 346.
Even if this court assumes that Sergeant Potter unlawfully interfered with Sebastian's conversation with his attorney, the trial court was correct not to suppress evidence that Sebastian refused to consent to a blood alcohol test. Sebastian's single assignment of error is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.