JOURNAL ENTRY and OPINION
Appellant David Solomon was charged with four counts in Cleveland Municipal Court: Driving Under the Influence, (M.C. 433.0l[A][l]); Driving Under the Influence; Breath (M.C. 433.0l[A] [3]); Failure to Signal; Change Course (M.C. 431.14); and Open Container in a Motor Vehicle (M.C. 4301.62). The charges stemmed from an incident that occurred on December 25, 1997.
On December 25, 1997, Officer Knupsky and his partner were on basic patrol in the vicinity of 7600 Kinsman in the City of Cleveland, Ohio. At approximately 6:53 p.m., the officers observed a black Chevy Blazer that had been traveling ahead of them make a sudden left hand turn onto Minnie Avenue, without signaling and in front of oncoming traffic. The officers, after waiting for the traffic to clear, followed the vehicle and attempted to make a traffic stop. As they pulled onto Minnie Avenue, they observed that the vehicle had pulled into an alley and had turned around and stopped. The officers then noticed the driver of the vehicle walk toward the sidewalk and stumble up the steps of a house.
The officers turned around in the alley, pulled behind the Blazer, and activated their overhead lights. At the time the officers stopped, the driver, appellant, was knocking on the door of the home. Appellant received no answer and returned to the vehicle. At this time, the officers approached the driver and informed him that they were stopping him for making a left hand turn without a signal.
While appellant was handing his driver's license to Officer Knupsky, the officer detected a strong odor of alcohol. In response to the officer's query, appellant answered that he had drunk "a 40 ounce of St. Ides recently." During an inventory search in connection with the tow of the vehicle, the officer observed one forty-ounce bottle of St. Ides, approximately onequarter full, on the floor of the vehicle. However, at the hearing, appellant testified that he "had two cans of Colt 45" and that the forty-ounce container in his vehicle had come from "the night before last."
The officers then conducted three field sobriety tests. Appellant was first asked to place his feet together, put his arm out to the side and touch his nose. Appellant touched his cheek. Appellant was then asked to stand with one foot raised off of the ground and to count from one thousand one to one thousand thirty. Appellant skipped one thousand and nine. Finally, appellant was asked to recite the alphabet. He successfully recited A through H, then said, "I, L, N, P, Q, R, 5, T, U, W." The officers therefore placed appellant under arrest for driving under the influence of alcohol.
According to the officer's testimony, appellant was conveyed to the Fourth District Police Station and was presented with a form regarding a breathalyzer test, which included information regarding the consequences of appellant's failure to take the test. Appellant submitted to the test.
In contrast to the officer's testimony, appellant testified that he was not informed of the consequences of the test. He reported that the officer said only, "You're drunk and it's your word against our word." Appellant also maintained that he requested an attorney prior to the test and was not permitted an opportunity to use the telephone until after the test had been completed.
Appellant filed a motion to suppress in the lower court on the grounds that the officers violated appellant's rights by failing to allow him to contact his attorney prior to conducting the test. The trial court conducted a hearing on the motion and thereafter granted appellant's motion.
Appellee subsequently filed a motion for reconsideration; the trial court conducted an additional hearing. At the conclusion of the hearing, the trial judge stated, "I'm going to rule in favor of the prosecution in (sic) the evidence is not suppressed." No journal entry was filed.[1]
Appellant thereafter pled no contest to the charge of Driving Under the Influence; Breath. The remaining charges were nolled.
Appellant filed his notice of appeal.[2]
Appellant's first assignmentof error states:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO SUPPRESS THE BREATHALYZER RESULTS WHEN THE POLICE FAILED TO COMPLY WITH R.C. OF OHIO 2935.02, THUS VIOLATING APPELLANT'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT.
Appellant first contends that he was not permitted to consult with an attorney prior to submitting to the breathalyzer test and that, therefore, the trial court erred when it failed to suppress the results of the test.
First of all, although appellant, throughout his brief, argues that R.C. 2935.02 supports his position, R.C. 2935.02 is actually a section entitled "Accused May be Arrested in Any County" and is therefore inapplicable.[3]
Appellant apparently wishes to argue that his position is supported by R.C. 2935.20, which provides:
 After the arrest, detention, or any other taking into custody of a person, with or without a warrant, such person shall be permitted forthwith facilities to communicate with an attorney at law of his choice who is entitled to practice in the courts of this state, or to communicate with any other person of his choice for the purpose of obtaining counsel. Such communication may be made by a reasonable number of telephone calls or in any other reasonable manner. Such person shall have a right to be visited immediately by any attorney at law so obtained who is entitled to practice in the courts of this state, and to consult with him privately. No officer or any other agent of this state shall prevent, attempt to prevent, or advise such person against the communication, visit, or consultation provided for by this section.
 Whoever violates this section shall be fined not less than twenty-five nor more than one hundred dollars or imprisoned not more than thirty days, or both.
In support of his position, appellant relies on Lakewood v.Waselenchuk (1994), 94 Ohio App.3d 684, appeal dismissed,70 Ohio St.3d 1454, which held that the suppression of breathalyzer results was an appropriate remedy where the police officers violated the driver's right to consult an attorney pursuant to R.C.2935.20 and also violated her constitutional right to due process where they continued the booking process for driving under influence of alcohol despite the driver's expressed desire for an attorney.
However, the Ohio Supreme Court subsequently addressed the following certified question:
 [W]hether or not the exclusionary rule is applicable as a sanction for violation of R.C. 2935.20.
Fairborn v. Mattachione (1995), 72 Ohio St.3d 345. The court answered the certified question in the negative. See, also, StateV. Griffith (1996), 74 Ohio St.3d 554.[4] Thus, it is clear that the exclusionary rule is inapplicable for a violation of R.C. 2935.20.
However, appellant maintains that the violation of R.C.2935.20 also constituted a violation of his due process rights as guaranteed under the Fourteenth Amendment. A thorough discussion of whether a violation of R.C. 2935.20 also could violate theFourteenth Amendment was had by the court in State v. Layton
(1996), 111 Ohio App.3d 76. In Layton, the trial court found a violation of R.C. 2935.20, but on the basis of Mattachione, denied the motion to suppress the breathanyzer test results.
The Layton court recognized that the brevity of the court's opinion in Mattachione failed to address the issue of whether a violation of R.C. 2935.20 also could amount to a violation of theFourteenth Amendment. Layton, supra at 78. However, the Layton
court reasoned:
 S.Ct.R.Rep.Op. 2(E)(4) provides that in a per curiam opinion of the Supreme Court, the points of law decided in the case are contained within the text of the opinion and are those necessarily arising from the facts of the specific case before the court for adjudication. Also, at the time the question in Mattachione was certified, certification brought the entire case before the court for review. State v. Footlick (1965), 2 Ohio St.2d 206, 31 O.O.2d 411, 207 N.E.2d 759. Since the second district's decision in Mattachione was based on a due process analysis, the per curiam reversal must have necessarily rejected the due process argument. Justice Wright's dissent lends further support to this conclusion.[5]
Layton at 79.
Mattachione was certified to the Supreme Court as being in conflict with Columbus v. Reid (1986). 32 Ohio App.3d 7. In a well-reasoned opinion, the court in Reid acknowledged that "[t]he Supreme Court of Ohio has not, to this date, imposed an exclusionary rule for violations of provisions of the Ohio Constitution, let alone violations of state statutes." Reid at 8. That court admitted, however, that an "unfortunate corollary" to its analysis is "that no practical sanction attends police violation of the Ohio statutory right to counsel under R.C. 2935.20, until such time, if ever, as the Supreme Court of Ohio sanctions an exclusionary rule, possibly tailored to cases such as here presented." Id. at 9. However, as recognized in Layton, the Ohio Supreme Court has not yet created an exclusionary rule that would apply to the matter subjudice.
For these reasons, appellant's first assignment of error must be overruled.
Appellant's second assignment of error provides:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO SUPPRESS EVIDENCE ACQUIRED WHEN THE APPELLANT WAS STOPPED WITHOUT ANY REASONABLE ARTICULABLE SUSPICION TO DO SO.
Appellant contends that there was no traffic violation upon which the officers could have based their stop of appellant, as illustrated by the length of time between the violation and the stop.
"It is axiomatic that where there is a reasonable and articulable suspicion to believe that a motor vehicle or its occupants are in violation of the law, stopping the vehicle and detaining its occupants will not violate the Constitution." Statev. Rusnak (1997), 120 Ohio App.3d 24, 27, citing Delaware v. Prouse
(1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 [696 N.E.2d 636] L.Ed.2d 660, 673-674. Moreover, the Ohio Supreme Court has held that a stop of a vehicle based on probable cause that a traffic violation has occurred or was occurring is not unreasonable under the Fourth Amendment to the United States Constitution even if the police officer had some ulterior motive for making the stop.Dayton v. Erickson (1996), 76 Ohio St.3d 3, at the syllabus.
In the matter sub judice, the testimony of the officer is clear that he observed appellant make a sudden turn without either activating his turn signal or using a hand signal. There was a period of time between the violation and the stop because the officers first waited for the traffic to clear before they could turn left to follow appellant's vehicle and then turned around in the alley to pull up behind appellant. The officers' stop of appellant's vehicle was based on probable cause that a traffic violation had occurred, to-wit, failure to signal when changing course, and was therefore not unreasonable.
Appellant's second assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. and
 DIANE KARPINSKT, J., CONCUR
 JUDGE KENNETH A. ROCCO
[1] "Although no journal entry was ever filed regarding the motion to suppress, appellant's conviction and sentence was entered upon the record. Furthermore, it is well settled that a trial court's failure to rule on a motion constitutes the denial of the motion. Village off Brooklyn Heights v. Yasher (Mar. 4, 1993), Cuyahoga App. No. 61905, 1993 WL 58626, unreported, citing Weisberger v. Home Ins. Cos. (1991), 76 Ohio App.3d 391, 397. Therefore, a final, appealable order exists and we may proceed with the merits of appellant's argument.
[2] Appellant's initial notice of appeal did not include a copy of the journal entry of appellant's conviction and sentence from which he appeals. By order of this court, appellant thereafter filed an amended notice of appeal.
[3] Appellant also failed to comply with App.R. 16 (E), which requires that statutes that must be considered in the determination of the assignments of error "shall be reproduced in the brief or in an addendum at the end or may be supplied to the court in pamphlet form."
[4] The certified question in Griffith, answered in the negative on the authorzty of Mattachione, was:
 Does imposition of the exclusionary rule lie as a remedy for police violation of the accused's statutory right to counsel under Section 2935.20 of the Revised Code in a prosecution arising under Section 4511.19(A) (3) of the Revised Code such that the prosecution should be precluded from presenting evidence of the results of an otherwise admissible breath alcohol content analysis of the accused solely because of police failure to comply with Section 2935.20 of the Revised Code?
[5] Justice Wright, in his dissent, acknowledged that he does not agree that every violation of R.C. 2935.20 requires suppression of evidence obtained as a result of the violation. However, on the particular facts before him, he believed that "the breathalyzer test results should be excluded because they were the product of police misconduct which not only denied Mat tachione her rights under R.C. 2935.20, but also denied her due process of law in violation of the Fourteenth Amendment to the United States Constitution."