OPINION
{¶ 1} Defendant-appellant, Elizabeth M. Dixon, was arrested on December 8, 2006, for operating a vehicle under the influence of alcohol and/or drugs, under the influence of alcohol under the age of 21, failure to signal, and failure to wear a seatbelt pursuant to a traffic stop. Appellant filed a motion to suppress the results of her Breathalyzer test. After a hearing, the trial court overruled appellant's motion to suppress. Appellant entered a plea of no contest to one count of operating a vehicle with a prohibited concentration of alcohol pursuant to Columbus City Codes *Page 2 
2133.01(A)(4). Appellant filed a notice of appeal, raising the following assignment of error:
 The Trial Court erred in denying defendant-appellant's Motion to Suppress the Breathalyzer test, as clear evidence was presented, that the officer refused to allow the defendant-appellant to contact her attorney in violation of ORC 2935.20 and then threatened her with incarceration if the defendant-appellant did not take the breath test in violation of the defendant-appellant's rights under the 14th Amendment right to Due Process under both the United States Constitution and the Ohio Constitution and ORC 4511.191 and ORC 4511.192.
 {¶ 2} By the assignment of error, appellant contends that the results of the Breathalyzer test should have been suppressed because the police officers refused to allow her to contact an attorney, coerced her into taking the Breathalyzer test and violated her rights to due process. The trial court specifically found the following facts: Appellant was shown BMV Form 2255 notifying her of the consequences of refusing to submit to a chemical test and the form was read to her more than four times by the officer in response to appellant's questions about the form. Appellant requested to speak with an attorney several times between her arrest and the administration of the Breathalyzer test. She was denied the opportunity to do so until after she submitted to the test. Appellant was notified that if she submitted to the test, she would be released from custody, and if she refused to take the test, she would be held in custody for 12 to 24 hours. Appellant testified at the suppression hearing that she could not miss more than four hours of school or she would not be permitted to finish the program, so she agreed to take the test. Appellant submitted to the Breathalyzer test, which demonstrated a blood-alcohol content of .139 percent. Appellant was permitted to contact her attorney and was released after securing a ride home. *Page 3 
 {¶ 3} Appellant argues that the officers repeated denial of appellant's right to counsel was in violation of R.C. 2935.20, which provides, as follows:
 After the arrest, detention, or any other taking into custody of a person, with or without a warrant, such person shall be permitted forthwith facilities to communicate with an attorney at law of his choice who is entitled to practice in the courts of this state, or to communicate with any other person of his choice for the purpose of obtaining counsel. Such communication may be made by a reasonable manner. Such person shall have a right to be visited immediately by any attorney at law so obtained who is entitled to practice in the courts of this state, and to consult with him privately. No officer or any other agent of this state shall prevent, attempt to prevent, or advise such person against the communication, visit, or consultation provided for by this section.
 Whoever violates this section shall be fined not less than twenty-five nor more than one hundred dollars or imprisoned not more than thirty days, or both.
 {¶ 4} The Supreme Court of Ohio has held that a violation of R.C.2935.20 does not warrant the application of the exclusionary rule.State v. Griffith (1996), 74 Ohio St.3d 554; City of Fairborn v.Mattachione (1995) 72 Ohio St.3d 345. In State v. Layton (1996), 111 Ohio App.3d 76, this court interpreted Mattachione and found that the exclusionary rule is not a sanction for possible due process violations. The United States Supreme Court has determined that the taking of chemical tests is not a "critical stage" of a prosecution. United Statesv. Wade (1967), 388 U.S. 218, 87 S.Ct. 1926. An accused in an OMVI case has no constitutional right to refuse to take a reasonably reliable chemical test for intoxication. Westerville v. Cunningham (1968), 15 Ohio St.2d 121, paragraph two of the syllabus. Additionally, appellant's consent was not necessary for chemical test under Ohio's implied consent statute. Appellant stipulated that the police officer had probable cause to suspect and arrest appellant for driving while under *Page 4 
the influence. (May 21, 2007 Hearing Tr. at 3-4.) Thus, in Schmerber v.California (1966), 384 U.S. 757, 86 S.Ct. 1826, the court found that a blood sample taken over a defendant's objection was admissible in evidence and did not violate the Fourth or Fourteenth Amendments to the United States Constitution.
 {¶ 5} In State v. Matheny (July 28, 2000), Athens App. No. 00-CA-009, the Fourth District Court of Appeals found that a police officer's denial to honor a request to consult an attorney before submitting to the BAC test is a violation of the R.C. 2935.20 statutory right to counsel, but it is not a denial of a defendant's Fifth orSixth Amendment rights or due process rights under the Fourteenth Amendment. On appeal after remand, the court reiterated its holdings that the defendant's Fifth, Sixth and Fourteenth Amendment rights were not violated and a statutory violation did not result in suppression of the evidence. See State v. Matheny (Dec. 26, 2001), Athens App. No. 01-CA-19.
 {¶ 6} In Martin v. Bur. of Motor Vehicles (Sept. 6, 1994), Franklin App. No. 94APG02-220, this court found that appellant's consent to a chemical test was voluntary even though the police officer informed the defendant that a refusal to take the test would result in his being slated at the Franklin County Jail. This court cited State v.Jenkins (Oct. 27, 1993), Clark App. No. 3037, where the defendant was found to have voluntarily submitted to the chemical tests despite officers advising that the defendant would be jailed if he refused to submit to the test.
 {¶ 7} Thus, in this case, despite the fact that the police officers informed appellant that if she refused the test she would be held in custody for 12 to 24 hours, we find that the officers did not coerce appellant into taking the Breathalyzer test. The *Page 5 
police officers informed appellant the means by which she could secure her release from custody but did not coerce her since any compulsion she felt was through her desire to be released. The fact that appellant made a difficult choice does not mean that she made an involuntary or coerced choice. Appellant's assignment of error is not well-taken.
 {¶ 8} For the foregoing reasons, we find that the trial court did not err in refusing to suppress the Breathalyzer test results, we overrule appellant's assignment of error, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
KLATT and TYACK, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1