[Cite as *State v. Voorhis*, 2011-Ohio-2111.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. Julie A. Edwards, J.<br>Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. 10CAC020020 |
| VONNIE VOORHIS | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware Municipal Court,<br>Case No. 09TRC09585 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 29, 2011 |
| APPEARANCES: | |

For Plaintiff-Appellee                                    For Defendant-Appellant


PETER B. RUFFING                                    ROBERT M. OWENS
Justice Center                                               46 North Sandusky Street, Suite 202
70 North Union Street                                  Delware, Ohio 43015
Delware, Ohio 43015

*Hoffman, J.*

{¶1}   This matter comes on for consideration upon this Court's granting of Appellant Vonnie Voorhis' motion for reconsideration of this Court December 1, 2010 Judgment Entry affirming her conviction entered by the Delaware Municipal Court on one count of operating a vehicle intoxicated.  Appellee is the State of Ohio.

STATEMENT OF THE CASE

{¶2}   Appellant was stopped on suspicion of operating a vehicle intoxicated, in violation of R.C. 4511.19.  After a brief conversation with the police officer, Appellant requested to speak with counsel.  The officer told Appellant she would be afforded an opportunity to speak with counsel.  Appellant consented to a chemical breath test at the scene of the traffic stop.

{¶3}   At the police station, Appellant requested to speak with counsel numerous times, and was held in custody for over an hour.  Appellant was not given an opportunity to speak with counsel.  Appellant refused to submit to a chemical BAC test at the station.

{¶4}   Following a jury trial, Appellant was convicted of the OMVI charge, and sentenced accordingly.

{¶5}   Appellant now appeals, assigning as error:

{¶6}   "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY REFUSING TO INSTRUCT THE JURY ON DEFENDANT'S RIGHT TO CONFER WITH COUNSEL.

{¶7}   "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY PLACING A 'GAG' ORDER ON DEFENSE COUNSEL, FORBIDDING COUNSEL

FROM ARGUING TO THE JURY THAT DEFENDANT'S REFUSAL TO TAKE A CHEMICAL BREATH TEST COULD BE RELATED TO THE VIOLATION OF HER RIGHT TO COUNSEL."

I.

{¶8} In the first assignment of error, Appellant maintains the trial court erred in refusing to instruct the jury on Appellant's right to confer with counsel and its impact on Appellant's refusal. More specifically, Appellant asked the court at trial:

{¶9} "Your Honor, I understand the Court's position with regard to that not attaching to the Exclusionary rule for purposes of keeping out the fact that there was a refusal. However, I think the evidence does rise to the level where it's appropriate to have an adjustment to jury instructions reflective of the issue that a defendant has a right to request counsel.

{¶10} "So, on that basis, Your Honor, we would ask both that the instruction with regard to the refusal be removed. And, moreover, Your Honor, that an instruction be put in, specifically, we would ask for something essentially mirroring Revised Code 2935.20."

{¶11} Tr. at 154.

{¶12} The giving of jury instructions is within the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. *State v. Martens* (1993), 90 Ohio App.3d 338. Jury instructions must be reviewed as a whole. *State v. Coleman* (1988), 37 Ohio St.3d 286.

{¶13} Ohio Criminal Rule 30(A) governs jury instructions, and reads:

**{¶14}** "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court shall reduce its final instructions to writing or make an audio, electronic, or other recording of those instructions, provide at least one written copy or recording of those instructions to the jury for use during deliberations, and preserve those instructions for the record. (Emphasis added.)

**{¶15}** "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."

**{¶16}** Ohio law provides a defendant has a statutory right to counsel after being detained by police beyond the right to counsel guaranteed by the State and Federal Constitutions. *State v. Mason* (1994), 99 Ohio App.3d 165. The right applies to misdemeanor offenses involving the potential imposition of a jail sentence. *Garfield Heights v. Brewer* (1984), 17 Ohio App.3d 216.

**{¶17}** R.C. 2935.20 provides:

**{¶18}** "2935.20 Right of one in custody to be visited by attorney

**{¶19}** "After the arrest, detention, or any other taking into custody of a person, with or without a warrant, such person shall be permitted forthwith facilities to communicate with an attorney at law of his choice who is entitled to practice in the courts of this state, or to communicate with any other person of his choice for the purpose of obtaining counsel. Such communication may be made by a reasonable number of telephone calls or in any other reasonable manner. Such person shall have a right to be visited immediately by any attorney at law so obtained who is entitled to practice in the courts of this state, and to consult with him privately. No officer or any other agent of this state shall prevent, attempt to prevent, or advise such person against the communication, visit, or consultation provided for by this section.

**{¶20}** "Whoever violates this section shall be fined not less than twenty-five nor more than one hundred dollars or imprisoned not more than thirty days, or both."

**{¶21}** Appellant did not file written requests or specific instructions with the trial court relative to the jury instructions. However, the following exchange occurred on the record:

**{¶22}** "And I don't want you to be arguing in your closing that there was any sort of violation of law in this case, because I don't think that's proper. And I think that that can be misleading to the jury in this case.

**{¶23}** "So, you can certainly argue that she asked to consult with an attorney and the deputy surely heard that, if you want to argue that, you can say that. And that she never had that opportunity and that's why she didn't take the test.

**{¶24}** "But to say that the deputy or police officer violated the law, I don't want you to say that. And I will reprimand you if that comes out again in your argument.

**{¶25}** "So, those are my thoughts on that issue.

**{¶26}** "Anything else?

**{¶27}** "Mr. Owens: Thank you, Your Honor.  And I appreciate that.

**{¶28}** "Just for purposes of making a record, I do believe there is some differentiation in this case.  There was certainly almost a full hour elapsed in terms of the ability to have a proper BAC test.

**{¶29}** "What we see from the video, is that there was a phone immediately there and available for the Defendant to use.

**{¶30}** "That the police officers involved, in fact, had considerable time while they were doing other paperwork and other things where they could have made that available.

**{¶31}** "And, so, this isn't something that would have hindered their ability to have the test done in an appropriate timeframe in any regard whatsoever, but that they certainly could have followed Ohio Law.

**{¶32}** "And I appreciate the Court's ruling on that, and certainly I am not going to, you know, cross that line in closing argument.

**{¶33}** "The Court has been very clear on that and I'm going to respect that ruling.  I respectfully disagree with it, but just to make a record on that issue just for the record.

**{¶34}** "The Court: I understand that.  And I don't have a problem with you pointing out in your argument where the phone was and the timing of things, that's all fine.

**{¶35}** "But we're not - - either party cannot say that there was a violation of the law or that the police did something wrong by the way that they handled it. You can certainly say again, she was trying to call a lawyer and that's why she did this.

**{¶36}** "But it's about her conduct, not about theirs, they're not on trial here and I'm not going to have you suggest to the jury that these police officers ought to be punished in some way for what they did. It's not about them. I don't want the jury to go off in that direction. Okay.

**{¶37}** "All right. Anything else?

**{¶38}** "Mr. Ruffing: Thank you, Your Honor."

**{¶39}** Tr. at 156-159.

**{¶40}** While the trial court did not give an instruction as Appellant orally requested, Appellant was permitted to argue the police had not provided her an opportunity to confer with counsel, despite her request and their earlier representation she would be afforded said opportunity. The trial court merely prohibited the characterization of the officers' actions as a "violation" of the statute. Accordingly, the trial court did not abuse its discretion in the jury instruction given.

**{¶41}** Appellant's first assignment of error is overruled.

II.

**{¶42}** In the second assignment of error, Appellant maintains the trial court erred in refusing to allow Appellant's counsel to argue to the jury Appellant's refusal to take the chemical breath test was related to the violation of her right to counsel.

**{¶43}** When the police violate the statutory right to counsel under R.C. 2935.20 in an OVI case, the administrative consequences from refusing to take the chemical test

still apply. *Dobbins v. Ohio Bureau of Motor Vehicles* (1996), 75 Ohio St.3d 533, 540; *State v. Dean* 2001-Ohio-4339.

{¶44} Upon review of the exchange which occurred on the record at trial set forth above and in accordance with our discussion of Appellant's first assignment of error, the trial court did not err in refusing to allow Appellant to present argument to the jury regarding her repeated requests for counsel, the police officers' actions and representations thereto, and the effect the denial had on her decision not to take the test. Accordingly, Appellant's second assignment of error is overruled.

{¶45} Appellant's conviction entered by the Delaware Municipal Court is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Edwards, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                      :
                                                 :
-vs-                                             :               JUDGMENT ENTRY
                                                 :
VONNIE VOORHIS                                   :
                                                 :
    Defendant-Appellant                     :               Case No. 10CAC020020


For the reasons stated in our accompanying Opinion, Appellant's conviction entered by the Delaware Municipal Court is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS