OPINION
Defendant-appellant, Ronald Dean Crittenden, appeals his conviction in the Clermont County Court of Common Pleas for possession of cocaine. We affirm the decision of the trial court.
John Wheeler contacted Officer Sorbello of the Clermont County Sheriff's Department in November 2000. Wheeler was concerned about the debts he incurred to satisfy his addiction to crack cocaine. He had already lost two vehicles to his crack supplier, Philip Tribble. Unable to compromise his debt with Tribble, Wheeler decided to have him arrested. Wheeler discussed the possibility of assisting the sheriff's department with a narcotics investigation of Tribble.
Several days after his initial contact with the sheriff's department, Wheeler called Officer Sorbello and explained that he had made arrangements to have $600 worth of cocaine delivered to his apartment. Wheeler stated that Tribble would soon arrive with two friends to make the delivery.
Officer Sorbello, accompanied by other officers, set up surveillance of Wheeler's apartment in an unmarked vehicle. Wheeler, at the request of Officer Sorbello, taped a sign to his front door indicating that he left the apartment and would return shortly. Officer Sorbello watched as a blue Cadillac containing three individuals stopped in front of Wheeler's apartment. Appellant and Tribble left the vehicle and knocked on Wheeler's apartment door. Wheeler paged Sorbello and said, "Hey, they're here, you guys, they're here."
The officers converged on appellant and Tribble with their weapons drawn. The officers ordered the suspects to the ground, where they were handcuffed. Sorbello informed appellant and Tribble of their rights pursuant to Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602. The driver of the Cadillac was questioned and released when the officers learned that she was hired to provide transportation and served only as a "bootlegged taxi."
The officers transported appellant and Tribble to the sheriff's office. Tribble was not interrogated because he requested an attorney. Officer William Williams interrogated appellant. Officer Williams told appellant that Tribble identified him as Wheeler's crack cocaine supplier. Upon hearing the accusation, appellant reached down his pants and withdrew cocaine and a pipe from his groin area. He tossed the contraband onto a table and said, "I am not taking the fall for what Tribble has arranged."
Appellant was indicted for possession of cocaine in violation of R.C.2925.11(A). Appellant moved the trial court to suppress the evidence against him on the basis that the officers obtained it in violation of his constitutional right to be free from unreasonable searches and seizures. After conducting a hearing on the matter, the trial court denied appellant's motion to suppress.
Appellant pled no contest to the charge. The trial court adjudicated appellant guilty of the offense and sentenced him accordingly. Appellant appeals and assigns one assignment of error for review as follows:
 THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO SUPPRESS.
In his assignment of error, appellant argues that the trial court erred by denying his motion to suppress evidence for two reasons. Appellant first maintains that the officers lacked probable cause to arrest him. Second, appellant asserts that there was no evidence that he knowingly, intelligently and voluntarily waived his privilege against self-incrimination. We will address each contention in turn.
In reviewing a trial court's decision on a motion to suppress, an appellate court must accept the trial court's factual findings if they are supported by competent, credible evidence. State v. Anderson (1995),100 Ohio App.3d 688, 691. However, an appellate court independently determines without deference to the trial court whether the court applied the appropriate legal standard to the facts. Id.
Appellant first argues that the officers did not have sufficient probable cause to arrest appellant at the scene.[1] Appellant notes that he was not the target of the criminal investigation conducted by the police. Appellant asserts that the reliability of Wheeler's information is "questionable" because he was a known "bad crack addict" who had a vendetta against Tribble. Appellant also asserts that there was no corroboration of the information provided by Wheeler.
Probable cause to make a constitutionally valid arrest without a warrant exists if all the facts and circumstances within the arresting officer's knowledge were sufficient to cause a prudent person to believe that the individual had committed or was committing an offense. Ornelasv. United States (1996), 517 U.S. 690, 696, 116 S.Ct. 1657, 1661; Statev. Otte (1996), 74 Ohio St.3d 554, 559. Probable cause deals "with probabilities — the factual and practical nontechnical considerations of everyday life on which reasonable and prudent men act — and is a fluid concept, to be based on the totality of the circumstances, and not reduced to a neat set of legal rules." State v.Ingram (1984), 20 Ohio App.3d 55, 61, citing Illinois v. Gates (1983),462 U.S. 213, 232-33, 103 S.Ct. 2317, 2329.
An informant's tip may contribute to the circumstances supporting probable cause to arrest. Id. In determining whether an informant's tip supports probable cause to arrest, a reviewing court should examine the "totality of the circumstances" surrounding the informant's tip. Gates,462 U.S. at 233, 103 S.Ct. at 2329. Under the totality of the circumstances test, an informant's veracity, reliability, and basis of knowledge are all relevant factors in considering the value of the informant's report. Id. at 233, 103 S.Ct. at 2329. However, these factors "should be understood simply as closely intertwined issues which may illuminate the common sense practical question of whether probable cause exists." Ingram, 20 Ohio App.3d at 58.
Generally, an informant's tip is reliable and trustworthy when evidence uncovered by independent police work corroborates the information supplied by the informer. See State v. Heston (1972), 29 Ohio St.2d 152, paragraph one of the syllabus. In a narcotics case, an informant's tip can be shown to be credible and reliable when the tip is subsequently corroborated with respect to the name or physical description of a suspect, the time or location of the illegal sale, the description of the automobile driven by the suspect, or the car's license plate numbers.Id.; State v. Stringer (Feb. 24, 1999), Scioto App. No. 97CA2506, unreported; State v. Colbert (Mar. 7, 1990), Hamilton App. No. C-880471, unreported.
The investigation in this case, which led to appellant's arrest, resulted from the information supplied by Wheeler. Wheeler met with Officer Sorbello on a prior occasion to discuss the investigation. Wheeler indicated to the officers that Tribble, accompanied by two friends, would be delivering cocaine to his apartment on a specific day at a specific time. The officers independently verified the information on surveillance when they observed three people arrive at Wheeler's apartment. When they approached his apartment, Wheeler called the officers and told them, "They're here." Wheeler's information combined with the independent investigation of the officers provided sufficient information upon which a reasonable and prudent individual could rely in believing that Tribble and appellant were committing or were about to commit a crime. Under the totality of the circumstances the officers had sufficient probable cause to arrest appellant.
Appellant next argues that the state failed to demonstrate that he knowingly and voluntarily waived his privilege against self-incrimination. Appellant also asserts that Officer Sorbello did not adequately advise him of his rights because he was handcuffed and lying face down on the ground.
The trial court found that Officer Sorbello adequately informed appellant of his rights pursuant to Miranda. Although appellant testified somewhat to the contrary at the hearing on the motion to suppress, the evaluation of evidence and the credibility of witnesses are issues for the trial court. See State v. Mills (1992), 62 Ohio St.3d 357, 366. There is competent credible evidence in the record to support the trial court's determination that Officer Sorbello advised appellant of his constitutional rights.[2] Since we conclude that Officer Sorbello adequately informed appellant of his rights, we must now determine whether appellant validly waived those rights.
In determining whether a defendant voluntarily, knowingly, and intelligently waived his Miranda rights, a reviewing court is required to consider the totality of the circumstances to determine whether (1) the waiver was a voluntary exercise of will rather than the product of intimidation or coercion; and (2) the defendant was fully aware of the nature of his rights and the consequences of his decision to waive them.Moran v. Burbine (1986), 475 U.S. 412, 421, 106 S.Ct. 1135, 1141; In reGoins (1999), 137 Ohio App.3d 158, 162. In order for a waiver of the rights required by Miranda to be valid, the state bears the burden of demonstrating a knowing, intelligent, and voluntary waiver based upon the totality of the facts and circumstances surrounding the interrogation.Id. The trial court must consider a number of factors in determining whether the accused made a voluntary statement, including: the defendant's age and mentality; the defendant's prior criminal experience; the length, intensity, and frequency of the interview; the existence of physical deprivation or mistreatment; and the existence of threat or inducement. See State v. Brewer (1990), 48 Ohio St.3d 50, 58. An express written or oral statement waiving Miranda rights is strong proof of the validity of the waiver. North Carolina v. Butler (1979),441 U.S. 369, 373, 99 S.Ct. 1755, 1757. However, a waiver does not need to be expressly made to be valid. Id. A court may infer a waiver from the suspect's behavior in light of the surrounding circumstances. Id.;State v. Murphy (2001), 91 Ohio St.3d 516, 518.
The trial court inferred that appellant waived his right against self-incrimination from his actions. The record amply supports that inference. The officers began their interrogation by telling appellant that Tribble identified appellant as Wheeler's supplier. According to the officers, appellant said nothing. Instead, he reached into his underwear and pulled cocaine and a pipe from his crotch. He tossed the items onto a table and said, "I am not taking the fall for what Tribble has arranged." At that time, the officers again gave appellant Miranda
warnings before taking a recorded statement. Appellant's recorded statement inculpated Tribble.
Appellant's act of reaching into his underwear is not a self-incriminating statement. Although there can be no doubt that the officers' statement was designed to elicit a response, the officers did not anticipate that the statement would prompt appellant to retrieve contraband from his underwear. When appellant spoke, his statement was not self-incriminating, but was one designed to inculpate Tribble. From the record, it is obvious that appellant understood his rights, but wanted to inculpate Tribble. In fact, the officers testified that appellant was extremely cooperative in providing them with information. Based on the surrounding circumstances, we conclude that the trial court correctly inferred that appellant understood and waived his rights.[3]
Thus, we conclude that the trial court did not err by denying appellant's motion to suppress. Appellant's assignment of error is overruled.
YOUNG, P.J., and WALSH, J., concur.
[1] Although the officers testified at the motion to suppress hearing that they did not "arrest" appellant until after he revealed the cocaine and drug paraphernalia in his possession, the trial court concluded that appellant was arrested and placed in custody at the scene. Neither appellant nor the state dispute this finding on appeal.
[2] Appellant cites State v. Ortiz (May 11, 2001), Guernsey App. No. 00CA38, unreported, in support of his assertion that his Miranda warning was inadequate. Ortiz is inapposite to this case. The Miranda warning in Ortiz was inadequate in large part to the fact that it was given in English to a defendant whose primary language was Spanish. See id. No such analogous facts are present in this case.
[3] We note that appellant is not appealing his conviction based on anything that he said to the officers. He is appealing his conviction for possession of cocaine, which was uncovered as a result of his conduct during the interrogation. Since appellant was under arrest at the time of the interrogation, the officers could have legally recovered the contraband during a search incident to the arrest without regard to the adequacy or waiver of Miranda warnings. See United States v. Robinson
(1973), 414 U.S. 218, 235, 94 S.Ct. 467, 477.