**VILLAGE OF LEXINGTON, Appellee,**

v.

**REDDINGTON, Appellant.**

[Cite as *Lexington v. Reddington* (1993), 86 Ohio App.3d 643.]

Court of Appeals of Ohio,
Richland County.

No. 92–CA–46.

Decided March 5, 1993.

*Jon K. Burton,* for appellee.

*David D. Carto,* for appellant.

SMART, Presiding Judge.

This is an appeal from a judgment of the Municipal Court of Mansfield, Richland County, Ohio, that convicted and sentenced defendant-appellant, Eric M. Reddington ("appellant"), for driving with a prohibited concentration of alcohol on his breath in violation of R.C. 4511.19(A)(3). Appellant originally pled not guilty, but changed his plea to no contest after the trial court overruled his motion to suppress the evidence.

Appellant assigns a single error to the trial court:

"The trial court erred by overruling defendant-appellant's motion to suppress the BAC test for the reason that defendant-appellant was denied his statutory and constitutional rights to counsel prior to electing to take the test."

The record indicates that Officer James Dalton of the Lexington Police Department stopped appellant for allegedly speeding. The officer testified that appellant smelled of alcohol, had bloodshot eyes, and his hair was messed up a little bit. Appellant did poorly on field sobriety tests, and also failed a preliminary breath test. The officer arrested appellant and took him to the State Highway Patrol post at Mansfield, where the officer read appellant his *Miranda* rights and the implied consent form regarding the BAC test. At this point, appellant asked to be permitted to call his employer to obtain assistance in contacting an attorney. Police gave appellant a telephone and a telephone book, and told him he would have twenty minutes to use the telephone to secure counsel. Appellant was not successful, and eventually officers terminated his telephone privileges and told him to make his election to take the test or refuse.

Appellant took the test just over an hour after the initial traffic stop.

R.C. 2935.20 states:

"After the arrest, detention, or any other taking into custody of a person, with or without a warrant, such person shall be permitted forthwith facilities to communicate with an attorney at law of his choice who is entitled to practice in the courts of this state, or to communicate with any other person of his choice for the purpose of obtaining counsel.  Such communication may be made by a reasonable number of telephone calls or in any other reasonable manner.  Such person shall have a right to be visited immediately by any attorney at law so obtained who is entitled to practice in the courts of this state, and to consult with him privately.  No officer or any other agent of this state shall prevent, attempt to prevent, or advise such person against the communication, visit, or consultation provided for by this section.

"Whoever violates this section shall be fined not less than twenty-five nor more than one hundred dollars or imprisoned not more than thirty days, or both."

■ It is well settled that in Ohio there is no constitutional right to counsel prior to taking a breath test.  See *McNulty v. Curry* (1975), 42 Ohio St.2d 341, 71 O.O.2d 317, 328 N.E.2d 798.  Thus, the exclusionary rule which is triggered by a motion to suppress is not applicable since no constitutional right is at issue here.

■ However, appellant does have the statutory right to counsel upon arrest, detention, or being taken into custody pursuant to R.C. 2935.20.  Although R.C. 2935.20 provides a penalty for violation, this does not assist an accused who is faced with the implied consent law.  For this reason, we conclude that if law enforcement officers fail to comply with R.C. 2935.20 when they arrest a person for driving while intoxicated, there can be no sanction for refusal to take a test pursuant to R.C. 4511.191.  See *Varnacini v. Registrar* (1989), 59 Ohio App.3d 28, 570 N.E.2d 296.  Likewise, if the accused elects under threat of "implied consent" to take the breathalyzer, the result should be excluded.  See *State v. Fullan* (Apr. 5, 1991), Portage App. No. 90–P–2192, unreported, 1991 WL 54152. To hold otherwise would render R.C. 2935.20 utterly meaningless.

■ We conclude that the police officers did not provide appellant with a reasonable opportunity to communicate with an attorney at law of his choice or to communicate with any other person of his choice about obtaining counsel.  The state points out that these events took place around 3:00 a.m. on New Year's Day, and these facts made it difficult for appellant to reach an attorney.  Of course the special circumstances of each case must be carefully considered.  However, pursuant to R.C. Title 45, the police had nearly an hour left in which to give appellant the BAC test.

The assignment of error is sustained.

For the foregoing reasons, the judgment of the Municipal Court of Mansfield, Richland County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law.

*Judgment reversed and cause remanded.*

FARMER and READER, JJ., concur.