OPINION
{¶ 1} Appellant, Tiyane C. Turner, appeals the judgment entered by the Kent Division of the Portage County Municipal Court. Turner was convicted of operating a motor vehicle under the influence of alcohol ("OVI"). *Page 2 
 {¶ 2} On March 31, 2007, Officer Benjamin Darrah of the city of Kent Police Department was on routine patrol. About 2:00 a.m., while assisting other officers at a traffic stop, Officer Darrah noticed a white vehicle accelerate at a rapid pace. Officer Darrah decided to follow the vehicle. He noticed the vehicle's registration sticker indicated the registration was expired. Officer Darrah checked the status of the vehicle through the LEADS computer system and confirmed that the registration was expired. Officer Darrah initiated a traffic stop of the vehicle.
 {¶ 3} Turner was the driver and owner of the vehicle. Upon speaking with Turner, Officer Darrah noticed that there was an odor of an alcoholic beverage on Turner's breath, that Turner's eyes were bloodshot, and that Turner's speech was slurred. Officer Darrah suspected that Turner had been drinking alcohol and asked him if this was true. Turner admitted that he had consumed a couple drinks. Officer Darrah administered the horizontal gaze nystagmus, the one-leg stand, and the walk-and-turn field sobriety tests to Turner. During all three field sobriety tests, Turner's performance presented indicators that he was intoxicated. Based on the results of the field sobriety tests, Turner's physical characteristics suggesting he may be under the influence of alcohol, and Turner's admission to consuming alcohol, Officer Darrah arrested Turner for OVI.
 {¶ 4} Turner was transported to the Kent Police Station. At the station, Officer Darrah began the booking process. The booking process included administering a breath-alcohol content ("BAC") test to determine the amount of alcohol in Turner's breath. Prior to taking the BAC test, Turner asked to call his parents and asked to have his attorney present. Both of these requests were ignored until after Turner took the *Page 3 
BAC test, which occurred at 3:04 a.m. The results of the BAC test revealed that the alcohol content of Turner's breath was .176 grams of alcohol per 210 liters of his breath.
 {¶ 5} Turner was charged with OVI, in violation of R.C. 4511.19(A)(1)(a) and (A)(1)(h), and operating a vehicle with expired license plates, in violation of R.C. 4503.21.
 {¶ 6} Turner filed a motion to suppress any statements he made after his request to consult with counsel was ignored. Turner filed a motion in limine to preclude the introduction of the results of the breath test. He argued that his rights were violated under R.C. 2935.20. Turner filed a motion to suppress the results of the breath test on the grounds that his rights under the Sixth Amendment to the United States Constitution and the Ohio Constitution were violated, in that his request for counsel at a critical stage of the proceedings was denied. The trial court held a hearing on these motions. Thereafter, the trial court issued a judgment entry denying all three of Turner's motions.
 {¶ 7} Turner filed a motion for the court to inform the state's primary witness, Officer Darrah, of his rights against self-incrimination under the Fifth Amendment to the United States Constitution and the Ohio Constitution.
 {¶ 8} Turner filed a second motion in limine seeking to preclude the state from introducing the results of the breath test, again on the grounds that the state violated R.C. 2935.20 by failing to permit him to contact his counsel prior to administration of the breath test. The trial court also overruled this motion.
 {¶ 9} The matter proceeded to a bench trial. At the beginning of the trial, the state dismissed the charge of R.C. 4511.19(A)(1)(a), and the matter proceeded to trial on the R.C. 4511.19(A)(1)(h) charge. The trial court found Turner guilty. *Page 4 
 {¶ 10} The trial court sentenced Turner to 180 days in jail, with 137 days of the jail term suspended on the condition that Turner comply with various conditions. In addition, the trial court imposed a $1,500 fine with $1,050 suspended on the same conditions. One of the conditions was that Turner attend Alcoholics Anonymous meetings both during and subsequent to serving his jail sentence. In addition, the trial court's judgment entry contains a hand-written notation that Turner's motion to stay is denied.
 {¶ 11} On October 23, 2007, the trial court filed a nunc pro tunc judgment entry in regard to Turner's motions to suppress and motions in limine.
 {¶ 12} Turner appealed the trial court's judgment entry to this court. In this court, Turner filed a motion to stay the execution of his sentence pending appeal. The state filed a response in opposition to Turner's motion to stay his sentence pending appeal. This court overruled Turner's motion to stay his sentence.
 {¶ 13} Turner raises seven assignments of error. His first and second assignments of error are:
 {¶ 14} "[1.] The trial court erred when it denied appellant's motion in limine pertaining to ORC 2935.20.
 {¶ 15} "[2.] The trial court erred when it denied appellant's motion in limine pertaining to ORC 2921.45."
 {¶ 16} A ruling on a motion in limine is a preliminary ruling on an anticipated evidentiary issue. State v. Archibald, 11th Dist. Nos. 2006-L-047 2006-L-207, 2007-Ohio-4966, at ¶ 43. A ruling on a motion in limine lies "within the sound discretion of the trial court."State v. Williams, 11th Dist. Nos. 2005-L-213 2005-L-214,2007-Ohio-212, *Page 5 
at ¶ 17, citing State v. Werfel, 11th Dist. Nos. 2002-L-101 
2002-L-102, 2003-Ohio-6958, at ¶ 64. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St.2d 151, 157. (Citations omitted.)
 {¶ 17} Turner asserts the police violated R.C. 2935.20, which provides, in part:
 {¶ 18} "After the arrest, detention, or any other taking into custody of a person, with or without a warrant, such person shall be permitted forthwith facilities to communicate with an attorney at law of his choice who is entitled to practice in the courts of this state, or to communicate with any other person of his choice for the purpose of obtaining counsel. Such communication may be made by a reasonable number of telephone calls or in any other reasonable manner. Such person shall have a right to be visited immediately by any attorney at law so obtained who is entitled to practice in the courts of this state, and to consult with him privately. No officer or any other agent of this state shall prevent, attempt to prevent, or advise such person against the communication, visit, or consultation provided for by this section."
 {¶ 19} In addition, Turner argues that the violation of R.C. 2935.20
also constitutes a violation of R.C. 2921.45, which provides, in part:
 {¶ 20} "(A) No public servant, under color of his office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right."
 {¶ 21} Turner cites this court's opinion in State v. Fullan (Apr. 5, 1991), 11th Dist. No. 90-P-2192, 1991 Ohio App. LEXIS 1572, in support of his position that his statutory rights were violated. InFullan, the defendant was arrested for a violation of *Page 6 
R.C. 4511.19. Id. He sought to make a phone call to his father for the purposes of securing an attorney. Id. at *2. However, the police officers did not let him make the call prior to taking a breath test. Id. This court held that a defendant's statutory right to counsel was violated when the police officers would not let him call his father in an attempt to obtain counsel. Id. at *7-8.
 {¶ 22} In the case sub judice, the trial court concluded that Turner's statutory rights to make phone calls were not violated. The trial court concluded that, due to the fact time is of the essence in administering a breath test, "it is essential that the test be given" before the defendant is permitted to make phone calls. We disagree with the trial court's analysis.
 {¶ 23} We note that a determination as to whether there was a violation of R.C. 2935.20 is to be made on a case-by-case basis.State v. Fullan, 1991 Ohio App. LEXIS 1572, at *6. Several appellate cases have held that a defendant's statutory rights under R.C. 2935.20
are violated when the police refuse to provide the defendant an opportunity to contact an attorney, or someone to help find an attorney, prior to the administration of a breath test. State v. Fullan, 1991 Ohio App. LEXIS 1572, at *7-8; Lakewood v. Waselenchuk (1994),94 Ohio App.3d 684, 689; Lexington v. Reddington (1993), 86 Ohio App.3d 643, 645.
 {¶ 24} R.C. 2935.20 requires police to "forthwith" provide an arrestee an opportunity to contact counsel. See, also, Lakewood v.Waselenchuk, 94 Ohio App.3d at 688. Thus, we believe the opportunity to contact an attorney must be given at the earliest possible time. *Page 7 
 {¶ 25} In regard to the trial court's concern that the breath test must be given within two hours of a suspect's arrest, we note that, in this matter, Turner's vehicle was stopped at 2:01 a.m. Turner asked to make a phone call at 2:47 a.m. The breath test was given at 3:04 a.m. Accordingly, at the time Turner requested to make his phone call, the police still had over one hour to administer the breath test within the two-hour limit. This factor weighs in favor of finding that Turner's right to counsel under R.C. 2935.20 was violated. Lexington v.Reddington, 86 Ohio App.3d at 645.
 {¶ 26} Finally, we note that R.C. 2935.20 only requires that the opportunity to contact an attorney be given in a "reasonable" manner. Thus, if the police determine that the suspect was attempting to "stall," rather than make a good-faith effort to contact counsel, the police could terminate the suspect's efforts.
 {¶ 27} Turner expressed his desire to have counsel present and to contact his parents prior to the administration of the breath test. The police did not comply with these requests prior to administration of the breath test. Thus, Turner's statutory rights to contact his attorney, or his parents for the purpose of obtaining counsel, may have been violated. However, for purposes of this appeal, we need not determine whether Officer Darrah complied with R.C. 2935.20. See, e.g., State v.Dean (Sept. 14, 2001), 11th Dist. No. 2000-P-0102, 2001 Ohio App. LEXIS 4126, at *6. This is because, even if a violation occurred, suppression of the results of the breath test is not an appropriate remedy.State v. Griffith (1996), 74 Ohio St.3d 554, 555.
 {¶ 28} Turner argues, based on this court's holding in State v.Fullan, that the results of the breath test should be suppressed.State v. Fullan, 1991 Ohio App. LEXIS 1572, at *8. However, subsequent to this court's holding in Fullan, the Supreme Court *Page 8 
of Ohio addressed this issue in State v. Griffith, supra. In State v.Griffith, the Supreme Court of Ohio was asked the following question:
 {¶ 29} "`Does imposition of the exclusionary rule lie as a remedy for police violation of the accused's statutory right to counsel under Section 2935.20 of the Revised Code in a prosecution under Section 4511.19(A)(3) of the Revised Code such that the prosecution should be precluded from presenting evidence of the results of an otherwise admissible breath alcohol content analysis of the accused solely because of police failure to comply with Section R.C. 2935.20 of the Revised Code?'" Id. at 555.
 {¶ 30} The Supreme Court of Ohio answered this question in the negative. Accordingly, the exclusionary rule is not a remedy for a violation of R.C. 2935.20. Id.
 {¶ 31} Since the results of the breath test are not to be excluded based on the alleged statutory violations at issue, we cannot say the trial court abused its discretion by denying Turner's motions in limine.
 {¶ 32} Turner's first and second assignments of error are without merit.
 {¶ 33} Turner's third, fourth, and fifth assignments of error are:
 {¶ 34} "[3.] The trial court erred in overruling appellant's motion to suppress regarding his right to counsel under the Ohio Constitution.
 {¶ 35} "[4.] The trial court erred in overruling appellant's motion to suppress regarding his right to counsel under the federal constitution.
 {¶ 36} "[5.] The trial court erred in overruling appellant's motion to suppress regarding his rights of due process."
 {¶ 37} "Appellate review of a motion to suppress presents a mixed question of law and fact." State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, at ¶ 8. The *Page 9 
appellate court must accept the trial court's factual findings, provided they are supported by competent, credible evidence. Id., citingState v. Fanning (1982), 1 Ohio St.3d 19. Thereafter, the appellate court must independently determine whether those factual findings meet the requisite legal standard. Id., citing State v. McNamara (1997),124 Ohio App.3d 706.
 {¶ 38} The right to counsel provided by the Sixth Amendment to the United States Constitution only applies to "the `critical stages' of the criminal proceedings." Dobbins v. Bur. of Motor Vehicles (1996),75 Ohio St.3d 533, 537, citing United States v. Gouveia (1984), 467 U.S. 180,189; United States v. Ash (1973), 413 U.S. 300, 310-311; and UnitedStates v. Wade (1967), 388 U.S. 218, 224.
 {¶ 39} The Supreme Court of Ohio has held that "the right to counsel associated with the protection against self-incrimination contained in the Fifth Amendment to the United States Constitution, or as guaranteed by the Sixth Amendment, does not apply to the stage at which the officer requested the chemical test for alcohol content." Dobbins v. Bur. ofMotor Vehicles (1996), 75 Ohio St.3d 533, 537. See, also, State v.Dean, 2001 Ohio App. LEXIS 4126, at *3-4.
 {¶ 40} Turner recognizes that the Supreme Court of Ohio has held that the point at which an officer asks a suspect to take a breath test is not a critical stage of the proceedings. However, he asks this court to essentially reverse the Supreme Court of Ohio and hold that, due to the legal complexities of the current version of R.C. 4511.19, the request to take a breath test is now a critical stage of the proceedings.
 {¶ 41} Specifically, Turner argues that the current version of R.C. 4511.19 has "criminalized" a suspect's refusal to submit to a chemical test. See *Page 10 
R.C. 4511.19(A)(2)(b). R.C. 4511.19(A)(2) prohibits a person who has been convicted of a prior OVI offense in the previous 20 years from (1) operating a motor vehicle under the influence of alcohol and (2) refusing to submit to a chemical test after being asked to do so by a law enforcement officer. In this matter, Turner had two prior OVI offenses in the previous 20 years, thus R.C. 4511.19(A)(2) was applicable to him.
 {¶ 42} Violations of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(2) are both classified as the offense of operating a motor vehicle under the influence of alcohol. For certain repeat offenders, R.C. 4511.19(A)(2) adds the additional element of refusing to submit to a chemical test. The distinction between these offenses is that the minimum, mandatory jail terms are greater for a violation of R.C. 4511.19(A)(2) than they are for a violation of R.C. 4511.19(A)(1)(a). See R.C. 4511.19(G)(1)(a)(i) and (ii); R.C. 4511.19(G)(1)(b)(i) and (ii); R.C. 4511.19(G)(1)(c)(i) and (ii); R.C.4511.19(G)(1)(d)(i) and (ii); R.C. 4511.19(G)(1)(e)(i) and (ii).
 {¶ 43} We are not aware of any Ohio case that has addressed the additional element in R.C. 4511.19(A)(2) regarding the refusal to take a chemical test in the context of a suspect's Sixth Amendment right to counsel. However, the Eighth Appellate District has addressed R.C. 4511.19(A)(2) in the context of whether a law enforcement officer is required to administer Miranda warnings prior to requesting a chemical test from a repeat OVI suspect. Middleburg hits. v. Henniger, 8th Dist. No. 86882, 2006-Ohio-3715, at ¶ 9. The Eighth District held:
 {¶ 44} "Ohio, like South Dakota in Neville, has adopted an implied consent statute, which is outlined in R.C. 4511.191. The consent statute spells out a bargain between drivers and the state. In exchange for the use of roads within the state of *Page 11 
Ohio, drivers consent to have their breath tested if a police officer has reason to believe the driver is intoxicated. Because an OVI suspect is already deemed to have consented to the breath test, `no impermissible coercion is involved when the suspect refuses to submit to take the test.'" Id. at ¶ 19, quoting South Dakota v. Neville (1983),459 U.S. 553, 562.
 {¶ 45} In Middleburg Hts v. Henniger, the Eighth District held that the nature of a law enforcement officer's request for a suspect to take a chemical test does not change due to the fact that the refusal is now an element of R.C. 4511.19(A)(2). Id. at ¶ 14. The court noted that evidence of a suspect's refusal to submit to a chemical test is admissible to show that the suspect was under the influence. Id. at ¶ 16. (Citations omitted.) In holding that Miranda warnings are not required prior to asking a suspect to submit to a chemical test in light of the second element of R.C. 4511.19(A)(2), the Eighth District held:
 {¶ 46} "Since Ohio has long accepted the principle that a defendant's refusal may be used in considering whether the defendant is under the influence, we see no distinction in the use of that same refusal as an element to enhance the minimum term of imprisonment. If it is admissible for one, it is equally admissible for the other." Middleburg Hts. v.Henniger, 8th Dist. No. 86882, 2006-Ohio-3715, at ¶ 21.
 {¶ 47} We believe the Eighth District's analysis is equally applicable in an analysis under the Sixth Amendment. Under Ohio's implied consent statute, Turner had already consented to a chemical test of his breath.Middleburg Hts. v. Henniger, 2006-Ohio-3715, at ¶ 19. Accordingly, we do not believe his ultimate decision of whether to *Page 12 
submit to or refuse the breath test rose to the level of a "critical stage" of the proceedings.
 {¶ 48} A suspect's decision about whether to submit to a chemical test has never been "easy or pleasant." See, e.g., Id. at ¶ 20. Prior to the statutory amendment at issue, there were significant consequences associated with a refusal to submit to a chemical test. For example, the refusal could be used as evidence that the suspect is under the influence. Id. at ¶ 21. Also, a refusal to submit to a chemical test resulted in the immediate suspension of the suspect's driving privileges. R.C. 4511.192. Despite these realities, the Supreme Court of Ohio has held that a suspect's constitutional right to counsel does not apply to the stage where the suspect is asked to submit to a chemical test. Dobbins v. Bur. of Motor Vehicles, 75 Ohio St.3d at 537. We are bound by the precedent established by the Supreme Court of Ohio on this issue. See, e.g., State v. Barnes, 11th Dist. No. 2006-P-0089,2007-Ohio-3362, at ¶ 43. The fact that, in certain circumstances, the refusal to submit to a chemical test is an element of the offense does not change our analysis. See, e.g., Middleburg Hts. v. Henniger,2006-Ohio-3715, at ¶ 14 and ¶ 23.
 {¶ 49} Since Turner's Sixth Amendment right to counsel had not attached at the time he requested an opportunity to obtain an attorney, his constitutional right to counsel was not violated.
 {¶ 50} The trial court did not err in denying Turner's motions to suppress.
 {¶ 51} Turner's third, fourth, and fifth assignments of error are without merit.
 {¶ 52} Turner's sixth assignment of error is: *Page 13 
 {¶ 53} "The trial court erred by sentencing appellant to mandatory attendance at Alcoholics Anonymous meetings."
 {¶ 54} During the sentencing portion of Turner's trial, Turner's trial counsel objected to the trial court's imposition of the requirement that Turner attend Alcoholics Anonymous meetings on the ground that the program contained religious connotations and, therefore, was an unconstitutional intermingling of church and state in violation of the Establishment Clause of the United States Constitution.
 {¶ 55} The Second Circuit Court of Appeals has held that a probation condition forcing the defendant to attend Alcoholics Anonymous meetings violated the Establishment Clause. Warner v. Orange Cty. Dept. ofProbation (C.A.2, 1996), 115 F.3d 1068, 1074. In that case, the court noted that the Alcoholics Anonymous program had a "substantial religious component." Id. at 1075. Courts have held that an Establishment Clause violation does not occur if the defendant is given a secular alternative to attending Alcoholics Anonymous meetings. Oakley v. Mugavin
(W.D.Ky. 2000), 2000 U.S. Dist. LEXIS 21675, at *8, citing Warner v.Orange Cty. Dept. of Probation, 115 F.3d at 1075.
 {¶ 56} In this matter, Turner attached copies of several pages purportedly from the third edition of Alcoholics Anonymous, published in 1976, to his appellate brief. There are several concerns with this approach. First, and most importantly, this material was not before the trial court. This court has consistently held that "`an appellate court's review is strictly limited to the record that was before the trial court, no more and no less.'" Condron v. Willoughby Hills, 11th Dist. No. 2007-L-105, 2007-Ohio-5208, *Page 14 
at ¶ 38. (Citation omitted.) See, also, State v. Ishmail (1978),54 Ohio St.2d 402, paragraph one of the syllabus.
 {¶ 57} Secondly, since this material was not presented at an appropriate hearing, no witness testified as to the identity of these materials. As such, there is nothing in the record to demonstrate that these materials are actually part of the Alcoholics Anonymous program. Thus, the materials have not been properly authenticated. Evid. R. 901.
 {¶ 58} Finally, we note that Turner has only attachedselected portions from a 1976 publication. There is no evidence to suggest that those selected provisions accurately and comprehensively reflect the views on religion of the Alcoholics Anonymous program that Turner was ordered to attend in 2007.
 {¶ 59} The record before the trial court in this matter was completely void of any evidentiary material demonstrating the religious nature of the Alcoholics Anonymous program Turner was required to attend.
 {¶ 60} Turner's sixth assignment of error is without merit.
 {¶ 61} Turner's seventh assignment of error is:
 {¶ 62} "The trial court erred when it failed to apprise a prosecution witness of his [Fifth] Amendment privilege against self incrimination."
 {¶ 63} Turner argues the trial court erred by denying his request that the trial court inform Officer Darrah of his Fifth Amendment right against self-incrimination.
 {¶ 64} Turner has not demonstrated how he has standing to argue this alleged violation. If, in fact, the trial court violated Officer Darrah's constitutional rights, Officer Darrah may have a remedy at a subsequent time. *Page 15 
 {¶ 65} Moreover, when Turner's counsel raised this issue at the suppression hearing, Officer Darrah testified he is "aware of [his] rights under the 5th Amendment." Thus, any perceived error is harmless beyond a reasonable doubt. Crim. R. 52(A).
 {¶ 66} Turner's seventh assignment of error is without merit.
 {¶ 67} The judgment of the trial court is affirmed.
 DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur. *Page 1