[Cite as *State v. Parks*, 2014-Ohio-1592.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| MEGAN K. PARKS | : | Case No. 13-CA-78 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County
Municipal Court, Case No.
12-TRC-08828

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      April 11, 2014

APPEARANCES:

For Plaintiff-Appellee

J. MICHAEL KING
Assistant Law Director
City of Newark
40 West Main Street, 4th Fl.
Newark, OH 43055

For Defendant-Appellant

ROBERT E. CALESARIC
35 South Park Place, Suite 150
Newark, OH 43055

*Baldwin, J.*

{¶1}    Appellant Megan K. Parks appeals a judgment of the Licking County Municipal Court overruling her motion to dismiss and convicting her of operating a motor vehicle while under the influence of alcohol (R.C. 4511.19(A)(1)(a)).   Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}    At 3:00 a.m. on August 5, 2012, Officer Colles of the Pataskala City Police Department was on routine patrol in uniform and driving a marked patrol vehicle equipped with a camera mounted on the windshield.  Colles was traveling eastbound on Broad Street in the area of Etna Parkway when he passed appellant driving westbound. Colles observed the tire of appellant's vehicle over the right side of the white or "fog" line on the roadway, to the extent that he described the line as between the two front tires of the vehicle.

{¶3}    Colles turned around and caught up to appellant, activating his overhead lights.  Appellant had pulled into a residential driveway and stopped, turning off her lights, despite the fact that she did not live there.  Colles approached the driver's side of the vehicle, explained the reason for the stop, and asked for appellant's  information. Detecting a slight odor of an alcoholic beverage, Colles asked appellant if she had had anything to drink, and she said no.  Colles asked her to say the alphabet and noted she slurred a few letters and skipped some letters.  Appellant also had bloodshot, glassy eyes.

{¶4}    Colles asked appellant to step out of the vehicle and proceeded to administer a series of standardized field sobriety tests (SFSTs).  Once appellant was

outside the vehicle, Colles noted a more distinct odor of an alcoholic beverage about her person.

{¶5}     Colles was trained in the administration of SFSTs in accord with guidelines from the National Highway Traffic Safety Administration (NHTSA).

{¶6}     Appellant first submitted to the horizontal gaze nystagmus (HGN) test, and Colles testified that he observed six out of six possible clues of impairment.  Next, appellant performed the walk-and-turn test, on which she indicated three clues of impairment.  Finally, on the one-leg stand test, Colles noted three clues of impairment.

{¶7}     Appellant was placed under arrest for O.V.I and later refused to submit to a breath test. Colles further testified he read appellee the BMV 2255 form and Mirandized her.  At some point after he requested that she take a breath test, and he made her aware of the legal implications of refusing to do so, appellant asked to call a lawyer.  Colles testified he did not permit her to call a lawyer.

{¶8}     Appellant was charged by uniform traffic ticket with one count of O.V.I. pursuant to R.C. 4511.19(A)(1)(a) and one count of a marked lanes violation pursuant to R.C. 4511.33.  She entered pleas of not guilty and filed a motion to suppress evidence flowing from the traffic stop and resulting arrest.  A hearing was held and the trial court sustained the motion in part and overruled it in part.  The trial court suppressed the portion of the HGN test involving the onset of nystagmus at maximum deviation, finding the officer did not conduct that portion of the test in substantial compliance with NHTSA protocols.  The trial court also suppressed the evidence that appellant refused to submit to a breath test, finding that her request to speak with an attorney when asked to take a breath test did not constitute a refusal.

{¶9}     The State appealed the trial court's suppression judgment to this Court. The state assigned two errors:  (1) the trial court erred in suppressing the maximum deviation portion of the horizontal gaze nystagmus test, and (2) the court erred in applying the exclusionary rule to appellant's request to speak with an attorney before refusing the breath test.  We affirmed in part and reversed in part.  We found that the court did not err in suppressing the deviation portion of the HGN test, but found that the court did err in excluding evidence of appellant's request to speak to an attorney before refusing the breath test.   We remanded for further proceedings.  *State v. Parks*, 5th Dist. Licking No. 12-CA-87, 2013-Ohio-2492.

{¶10}    Following remand, appellant moved to dismiss, arguing that because the State certified for purposes of the first appeal that it was unable to proceed to prosecution due to the trial court's ruling on the motion to suppress, the State could not proceed to prosecute the case following the appeal because the State did not prevail on all issues.  The trial court overruled the motion to dismiss.  Appellant pled no contest and was convicted.  She assigns one error on appeal:

{¶11}   "THE PROSECUTING ATTORNEY SHOULD BE PRECLUDED BY THE TRIAL COURT FROM PROCEEDING WITH THE PROSECUTION OF THE CASE BECAUSE THE PROSECUTOR CERTIFIED THAT THE STATE WAS NOT ABLE TO PROCEED WITH PROSECUTION DUE TO THE TRIAL COURT'S RULINGS BUT YET THE STATE DID NOT PREVAIL ON ALL THE ISSUES RAISED ON APPEAL."

{¶12}    Crim. R. 12(K) provides in pertinent part:

{¶13}  "When the state takes an appeal as provided by law from an order suppressing or excluding evidence, or from an order directing pretrial disclosure of evidence, the prosecuting attorney shall certify that both of the following apply:

{¶14}  "(1) the appeal is not taken for the purpose of delay;

{¶15}  "(2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed, or the pretrial disclosure of evidence ordered by the court will have one of the effects enumerated in Crim. R. 16(D). . .

{¶16}  "If an appeal from an order suppressing or excluding evidence pursuant to this division results in an affirmance of the trial court, the state shall be barred from prosecuting the defendant for the same offense or offenses except upon a showing of newly discovered evidence that the state could not, with reasonable diligence, have discovered before filing of the notice of appeal."

{¶17}  In the appeal taken by the State, this Court only partially affirmed the judgment of the court on the motion to suppress.  We reversed the judgment of the court concerning admission of evidence of appellant's request to speak to an attorney before refusing the breath test.  Our judgment therefore changed the evidence which the State was entitled to present on remand, and the State was not precluded from proceeding pursuant to Crim. R. 12(K).  While not expressly considering the issue in the first appeal, this Court's decision contemplates that the State would proceed with prosecution and the case, as we stated in conclusion of our discussion of the second assignment of error, "We find the parties may present the evidence surrounding the proffer of the breath test, and Parks response, and the finder of fact may weigh the

evidence accordingly." *Parks*, *supra*, at ¶28. The trial court did not err in overruling appellant's motion to dismiss.

{¶18} The assignment of error is overruled. The judgment of the Licking County Municipal Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Farmer, J. concur.